**SUPERIOR COURT**
**OF THE**
**STATE OF DELAWARE**

PAUL R. WALLACE
JUDGE

NEW CASTLE COUNTY COURTHOUSE
500 N. KING STREET, SUITE 10400
WILMINGTON, DELAWARE 19801
(302) 255-0660

Date Submitted:  August 23, 2021
Date Decided:  November 1, 2021

Theodore A. Kittila, Esq.
James G. MacMillan, III, Esq.
HALLORAN FARKS + KITTILA LLP
Wilmington, Delaware

Robert K. Beste, Esq.
Jason Z. Miller, Esq.
Smith, Katzenstein & Jenkins LLP
Wilmington, Delaware

Eric M. George, Esq.
Kim S. Zeldin, Esq.
BROWNE GEORGE ROSS LLP
Los Angeles, California

Marvin S. Putnam, Esq.
Jessica Stebbins Bina, Esq.
R. Peter Durning, Jr., Esq.
LATHAM & WATKINS LLP
Los Angeles, California

RE:   *Surf's Up Legacy Partners, LLC et al. v. Virgin Fest, LLC, et al.,*
      C.A. No. No. 19C-11-092 PRW CCLD

Dear Counsel:

This Letter Order addresses the Plaintiffs' Exceptions to the Special Discovery Master's Decision on the Defendants' Motion to Compel Financial Records (D.I. 155). For the reasons below, the Special Discovery Master's Decision is **ADOPTED** and the Defendants' Motion to Compel Financial Records is **GRANTED**.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Court detailed the background of this case in its most recent Memorandum and Order.[1] In short, each party blames the failure of their business relationship on the allegedly unlawful conduct of the other.[2] The parties have brought numerous claims, but relevant here are Virgin Fest's counterclaims alleging that the Surf's Up entities (collectively, "Surf's Up"), Bryan Gordon, Seth Wolkov, and Robert Walker misrepresented Surf's Up's financial health.[3]

A month after the appointment of the Special Discovery Master in March 2021,[4] the parties stipulated to a Confidentiality Order.[5] That Confidentiality Order allows discovery material to be designated "Confidential" or "Highly Confidential" subject to standards described therein.[6] Such designations serve to limit the

---

[1] Memorandum and Order (D.I. 109); *see also Surf's Up Legacy Partners, LLC v. Virgin Fest, LLC*, 2021 WL 117036 (Del. Super. Ct. Jan. 13, 2021).

[2] *See* Complaint at ¶¶ 1–8. (D.I. 1); Am. Counterclaims at ¶¶ 1–9 (D.I. 54); *see also* D.I. 76 (granting Virgin Fest's motion for leave to file a supplemental and amended counterclaim).

[3] Am. Counterclaims at ¶¶ 206–233.

[4] D.I. 88; *see also* Order of Reference to Special Discovery Master (D.I. 96); Entry of Appearance of Michael A. Weidinger (D.I. 120)..

[5] Confidentiality Order (D.I. 127).

[6] *Id.* at 2–4.

individuals to whom those certain materials may be disclosed.[7] Too, the Confidentiality Order provides "Discovery Material shall be used solely for purposes of this Litigation and shall not be used for any other purpose," unless such material "is or becomes part of the public record."[8] Finally, each party is permitted to challenge confidentiality designations by the other party.[9]

Virgin Fest filed a Motion to Compel Financial Records in late June that sought an order compelling Surf's Up, Gordon, Wolkov, and Walker to produce: "(A) financial records relating to the Kaaboo music festivals in the Cayman Islands and Texas and (B) complete financial and tax records from each Surf's Up entity and each entities' correspondence with its investors."[10] Virgin Fest claimed this information was relevant to its counterclaims alleging Surf's Up improperly concealed liabilities.[11] Virgin Fest sought Surf's Up's correspondence with its investors to "shed light on both the accuracy and completeness of the financial

---

[7]    *Id.* at 5–8.

[8]    *Id.* at 10.

[9]    *Id.* at 12–13, 15.

[10]    Virgin Fest's Answering Br. in Response to Surf's Up's Exceptions at 1 (D.I. 158) (citing *id.*, Ex. B at 4–10 (Transcript of July 30 Hearing)).

[11]    *See* Virgin Fest's Mot. to Compel Financial Records at 5 (D.I. 141).

disclosures made to Virgin Fest."[12] The parties subsequently narrowed their dispute until one issue remained: whether Surf's Up could redact the names and identifying information of its investors in the documents it agreed to produce and whether the production could be designated Highly Confidential.[13]

The Special Master issued his written decision on the issue on August 2, 2021.[14] After noting that "the identity of potential witnesses or persons with potentially relevant information is discoverable" and that "the parties had entered a confidentiality stipulation . . . that provides protective provisions for confidential Discovery Material, including the ability of a party to designate information that it believes in good faith requires Confidential or Highly Confidential Treatment," the Special Master ruled that the identity of the investors should not be redacted, "but that in the first instance Surf's Up could review and designate documents it produced in accordance with the procedures set forth in the Confidentiality Order."[15] Previously, at a hearing, the Special Master had stated that "if there becomes a

---

[12]   *See id.* at 9–10.

[13]   *See* Surf's Up's Opp. to Mot. to Compel Financial Records at 3 (D.I. 146); Virgin Fest's Reply Supporting Mot. to Compel Financial Records at 1 (D.I. 149).

[14]   Special Discovery Master's Order on Mot. to Compel Financial Records (D.I. 151).

[15]   *Id.* at 2–3.

dispute about whether or not that information or identity needs to be de-designated to a lower tier, that can be had at a later time."[16]  Following the ruling, Surf's Up filed the Notice of Exceptions now before the Court.

## II. STANDARD OF REVIEW

A Special Master's Report is subject to *de novo* review by this Court.[17]

## III. LEGAL ANALYSIS

After careful *de novo* review of the Special Master's decision, the Court adopts it in whole.

Delaware's rules of discovery are well-established.  "When faced with a motion to compel discovery, the Court determines whether the discovery sought is reasonably calculated to lead to admissible, non-privileged evidence."[18]  The scope of permissible discovery is "broad" and objections to discovery requests, in general, will not be allowed.[19]  The objecting party bears the burden to show why the

---

[16]  Surf's Up's Notice of Exceptions, Ex. H at 55 (Transcript of July 30 Hearing) (D.I. 155).

[17]  Del. Super. Ct. Civ. R. 122(c).

[18]  *Henlopen Hotel, Inc. v. United Nat'l Ins. Co.*, 2019 WL 3384843, at *1 (Del. Super. Ct. July 26, 2019) (citing Del. Super. Ct. Civ. R. 26(b)(1); *Alberta Sec. Comm. V. Ryckman,* 2015 WL 2265473, at *9 (Del. Super. Ct. May 5, 2015)).

[19]  *Id.* (citing *Hunter v. Bogia*, 2015 WL 5050648, at *2 (Del. Super. Ct. July 29, 2015)).

information is improperly requested.[20] Once an objection is lodged, "the party seeking the information must provide some minimal explanation as to why the discovery satisfies the requirements of relevance and conditional admissibility."[21]

Virgin Fest has done so here, having explained that Surf's Up investors are material witnesses in possession of relevant information and documents.[22]

Throughout this dispute, Virgin Fest has taken the position that Surf's Up provided financial information to its investors that differed from that Surf's Up provided to Virgin Fest.[23] Therefore, Virgin Fest seeks to subpoena the investors to investigate its fraud and failure-to-disclose claims.[24] This explanation is sufficient to show why the identities of the investors satisfies the conditions of relevance. Indeed, Surf's Up has never claimed that the identities of its investors are irrelevant or that they may not possess relevant documents. Rather Surf's Up's exceptions focus on the alleged harm that Gordon and Wolkov will suffer should the identities

---

[20]   *Id.* (citing *Hunter*, 2015 WL 5050648, at *2).

[21]   *Id.* (citing *Hunter*, 2015 WL 5050648, at *6 n.54).

[22]   *See* Virgin Fest's Answering Br. in Response to Surf's Up's Exceptions at 2–3.

[23]   *See* Virgin Fest's Mot. to Compel Financial Records at 9–10; Virgin Fest's Reply Supporting Mot. to Compel Financial Records at 1–2; Virgin Fest's Answering Br. in Response to Surf's Up's Exceptions at 2–3, 5.

[24]   Virgin Fest's Answering Br. in Response to Surf's Up's Exceptions at 5.

of the investors be revealed to the public after Surf's Up produces them.[25] But that is no reason to withhold discoverable information,[26] and particularly not under the facts here.

The parties knew that discovery might involve the production of "confidential and sensitive commercial, financial, or business information."[27] Accordingly, they adopted a two-tiered Confidentiality Order to protect any sensitive information each might produce.[28] The Confidentiality Order was Surf's Up's idea. And Surf's Up requested the "Highly Confidential" tier specifically to protect the identities of the private investors.[29] But now Surf's Up has decided that the very confidentiality provisions it demanded are insufficient to accomplish the very purpose that Surf's Up devised them for. Now, Surf's Up insists that it should be allowed to redact the names of its private investors altogether.

---

[25] *See* Surf's Up Br. in Supp. of Exceptions to Special Master's Decision at 1–2, 5–10.

[26] *See Hunter*, 2015 WL 5050648, at *5 ("[D]eliberately withholding discoverable information is inconsistent with the nature of our discovery rules."); *Levy v. Stern*, 1996 WL 742818, at *3 (Del. Dec. 20, 1996) ("The withholding of discoverable information, either directly or through obfuscation, does not comport with the spirit of our discovery rules.").

[27] Confidentiality Order at 1.

[28] *Id.* at 1–2.

[29] Virgin Fest's Answering Br. in Response to Surf's Up's Exceptions, Ex. C at 2.

The Court will not deviate from Delaware's well-established rules of discovery based on Surf's Up's speculative claims of future harm. The information that Virgin Fest seeks is reasonably calculated to lead to the discovery of admissible evidence. Accordingly, Surf's Up must produce it. Surf's Up may avail itself to the protections of the Confidentiality Order, and Virgin Fest may challenge Surf's Up's designation if Virgin Fest believes it lacks merit.[30] The parties might also employ other mechanisms to protect the identities of Surf's Up's investors from public view—*e.g.*, filing subpoena returns or like documents under seal.

At bottom, the Court accepts, in whole, the decision of the Special Master. The Special Master properly recognized that "the identity of potential witnesses or persons with potentially relevant information is discoverable" and that the parties had previously entered a Confidentiality Order to protect just such sensitive discovery material.[31] And the Special Master correctly ruled that "the identity of such investors should not be redacted, but that in the first instance Surf's Up could review and designate documents it produced in accordance with the procedures set forth in the Confidentiality Order."[32]

---

[30] *See* Confidentiality Order at 12–13, 15.

[31] Special Discovery Master's Order on Mot. to Compel Financial Records at 2.

[32] *Id.*

## IV. CONCLUSION

And so, having engaged a *de novo* review of the discovery issues raised therein, the Court **ADOPTS, in whole** Special Master's decision on Virgin Fest's Motion to Compel Financial Records. That motion to compel is **GRANTED** and Surf's Up shall provide the unredacted information sought utilizing the terms and protections it bargained for in the Confidentiality Order.

**IT IS SO ORDERED.**

Paul R. Wallace, Judge

Original to Prothonotary

cc: All Counsel via File and Serve